**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(NEWARK VICINAGE)**

| | |
|---|---|
| FILIP KRISTANI, | Civil Action No. 26-cv-8136 |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

Plaintiff Filip Kristani ("Plaintiff" or "Mr. Kristani"), by and through undersigned counsel, brings this action against Defendant Bank of America, N.A. ("BANA"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* and its implementing regulation, Regulation Z, 12 C.F.R. part 1026, arising from BANA's unlawful re-imposition of liability on Mr. Kristani for an unauthorized $398.00 charge on his credit card account.

2. TILA places the risk of fraud and unauthorized credit-card use primarily on the card issuer, and strictly limits a cardholder's liability for the unauthorized use of a credit card to $50. 15 U.S.C. § 1643(a)(1)(B). An issuer may not lawfully shift the loss from an unauthorized charge back onto the cardholder beyond that $50 cap, and it may impose any liability at all only after satisfying TILA's preconditions, including conducting a reasonable investigation of the cardholder's claim of unauthorized use.

3. After Mr. Kristani reported that a $398.00 "PayPal" charge on his Account was fraudulent, BANA credited the charge and reissued his card. More than two months later, however, BANA reversed course, rebilled the full $398.00, and demanded that Mr. Kristani pay it—re-imposing

liability far in excess of $50 for a charge BANA had every reason to know was unauthorized, and without conducting any reasonable investigation. In doing so, BANA committed precisely the violation the Third Circuit recognized in *Krieger v. Bank of America, N.A.*, 890 F.3d 429 (3d Cir. 2018).

## **PARTIES**

4.   Plaintiff Filip Kristani is a natural person residing in Maywood, Bergen County, New Jersey. At all relevant times, Mr. Kristani was the holder of a Bank of America credit card account ending in 1142 (the "Account"), maintained as a small business credit card account, and a "cardholder" within the meaning of 15 U.S.C. § 1602(n) and 12 C.F.R. § 1026.2(a)(8).

5.   Defendant Bank of America, N.A. ("BANA") is a national banking association that, among other things, issues credit cards and extends credit to cardholders, and regularly conducts business throughout the State of New Jersey, including in this District. BANA issued the Account and is a "card issuer" and a "creditor" within the meaning of 15 U.S.C. § 1602(o), (g) and 12 C.F.R. § 1026.2(a)(7), (a)(17).

## **JURISDICTION AND VENUE**

6.   This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1640(e), because this action arises under TILA, a federal statute.

7.   This Court has personal jurisdiction over BANA because BANA regularly and systematically conducts business in New Jersey and in this District, and because the acts and omissions giving rise to this action occurred in and were directed at Mr. Kristani, a New Jersey resident, in this District.

8.   Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because BANA is subject to personal jurisdiction in this District and therefore resides in this District for venue

purposes, 28 U.S.C. § 1391(c)(2), and because a substantial part of the events and omissions giving rise to the claim—including BANA's billing, crediting, and rebilling of the Disputed Charge to an account held by a New Jersey resident—occurred in this District.

9. This action is timely. It is brought within one year of BANA's violation, which occurred on or about June 10–11, 2026, when BANA rebilled the Disputed Charge and re-imposed liability on Mr. Kristani. *See* 15 U.S.C. § 1640(e).

<u>**STATUTORY AND REGULATORY FRAMEWORK**</u>

***TILA Strictly Limits a Cardholder's Liability for Unauthorized Use***

10. TILA was enacted to protect cardholders and to place the risk of loss from the unauthorized use of a credit card primarily on the card issuer rather than the cardholder. Among its protections, TILA strictly limits the liability of a cardholder for the unauthorized use of a credit card.

11. Section 1643 provides that a cardholder may be held liable for the unauthorized use of a credit card "only if" certain conditions are satisfied, and that in no event may the cardholder's liability exceed $50. 15 U.S.C. § 1643(a)(1)(B). "Except as provided in this section, a cardholder incurs no liability from the unauthorized use of a credit card." *Id.* § 1643(d).

12. Before an issuer may impose any liability on a cardholder for unauthorized use, it must, among other things: (a) have previously disclosed the cardholder's maximum potential liability and provided a means to notify the issuer of loss, theft, or unauthorized use, 15 U.S.C. § 1643(a)(1)(C)–(D), 12 C.F.R. § 1026.12(b)(2)(ii); (b) conduct a reasonable investigation of the cardholder's claim of unauthorized use, 12 C.F.R. pt. 1026, Supp. I, comment 12(b)–3; (c) refrain from imposing liability for any use occurring after the issuer was notified that an unauthorized use may occur, 15 U.S.C. § 1643(a)(1)(E); and (d) limit any liability it does impose to no more than $50, *id.* § 1643(a)(1)(B).

13. TILA's private right of action makes "any creditor who fails to comply with any requirement imposed under [§ 1643] . . . liable to [the cardholder]" for actual damages, statutory damages, and the costs of the action together with a reasonable attorney's fee. 15 U.S.C. § 1640(a).

*These Unauthorized-Use Protections Apply to a Small Business Credit Card Account*

14. The protections of § 1643 and 12 C.F.R. § 1026.12(b) apply to all credit cards, including cards issued for business purposes. Although Regulation Z generally exempts business, commercial, or organizational credit, 12 C.F.R. § 1026.3(a), that exemption expressly does not extend to "the provisions in § 1026.12(a) and (b) governing the issuance of credit cards and the limitations on liability for their unauthorized use," which "apply to all credit cards, even if the credit cards are issued for use in connection with extensions of credit that otherwise are exempt under this section." 12 C.F.R. pt. 1026, Supp. I, cmt. 3–1.

15. Accordingly, the $50 limit on liability for unauthorized use, and the preconditions an issuer must satisfy before imposing any such liability, apply to the Account regardless of whether it is characterized as a consumer or a small business credit card account.

16. In *Krieger v. Bank of America, N.A.*, 890 F.3d 429 (3d Cir. 2018), the Third Circuit held that a cardholder incurs liability for an allegedly unauthorized charge when an issuer, having reason to know the charge may be unauthorized, bills or rebills the cardholder for that charge, and that when an issuer does so, it must comply with the requirements of § 1643.

17. The court further held that when a cardholder alleges that the issuer rebilled an unauthorized charge—thereby imposing liability exceeding $50—without complying with § 1643's requirements, the cardholder states a claim under § 1640, and may recover his actual damages, not merely reimbursement of the charge.

4

18. *Krieger* arose from materially the same conduct alleged here: BANA credited a disputed, allegedly unauthorized charge, later reinstated and rebilled it, and demanded payment, all without satisfying § 1643's requirements.

## FACTUAL ALLEGATIONS

### *The Unauthorized Charge*

19. On or about March 28–30, 2026, a charge in the amount of $398.00, identified on the Account as "PAYPAL *KNOTTSBERRY" (reference number 24027626087067512423514, merchant category "Amusement Parks, Circuses, Carnivals, Fortune," merchant category code 7996), posted to the Account (the "Disputed Charge").

20. Mr. Kristani did not make, authorize, or benefit from the Disputed Charge. The Disputed Charge was an "unauthorized use" of the Account within the meaning of 15 U.S.C. § 1602(p)—that is, a use by a person other than the cardholder who had no actual, implied, or apparent authority, and from which the cardholder received no benefit.

21. Mr. Kristani's own PayPal account records confirm that PayPal did not charge him $398.00 during the relevant period; no corresponding transaction appears in his PayPal activity, and the Disputed Charge does not exist on PayPal's records of his account.

### *Mr. Kristani Reports the Fraud and BANA Credits the Charge*

22. Promptly after discovering the Disputed Charge, Mr. Kristani contacted BANA, reported that the charge was fraudulent and unauthorized, and expressed concern that his card had been compromised. BANA opened claim number 260401A18835.

23. Because Mr. Kristani reported that the Account was compromised, BANA's fraud department cancelled the compromised card and issued him a replacement card.

24. On or about April 1, 2026, BANA credited the Account in the amount of −$398.00, expressly identified on the Account as a "FRAUD DISPUTE," thereby removing the Disputed Charge from the balance Mr. Kristani owed.

25. Following BANA's crediting of the Disputed Charge and reissuance of his card, Mr. Kristani reasonably believed that the matter had been resolved in his favor and that he owed nothing on account of the Disputed Charge.

### *BANA Reverses Course, Rebills the Charge, and Re-Imposes Liability*

26. More than two months later, on or about June 10, 2026, BANA reversed the credit and rebilled the full $398.00 Disputed Charge to the Account.

27. By letter dated June 11, 2026, captioned "Update On Your Claim," BANA notified Mr. Kristani that it was "unable to approve" his claim. BANA stated only that "[t]he merchant provided documentation confirming you received the merchandise or service," that "[t]he temporary credit(s) applied to your account will be removed," and that Mr. Kristani should "continue to make the required payments on your account."

28. Through this conduct, BANA re-imposed liability on Mr. Kristani for the full $398.00 Disputed Charge—an amount far exceeding the $50 statutory cap—for a charge BANA had every reason to know was, or may have been, unauthorized.

### *BANA Failed to Conduct a Reasonable Investigation*

29. At the time BANA rebilled the Disputed Charge, it had ample reason to know the charge was or may have been unauthorized: Mr. Kristani had reported it as fraudulent; BANA had treated the Account as compromised and reissued his card; and Mr. Kristani had advised BANA that PayPal had not charged him.

30. BANA did not conduct a reasonable investigation of Mr. Kristani's claim of unauthorized use. BANA rested its denial on the conclusory assertion that "the merchant provided documentation," without reconciling that assertion with the fact—readily verifiable from PayPal's own records—that no such charge existed on PayPal's end.

31. When Mr. Kristani contacted BANA for an explanation, BANA's fraud team was unable to confirm whom at PayPal it had purportedly spoken with, or how it had purportedly verified a charge that does not appear on PayPal's records of his account.

32. On or about June 13, 2026, Mr. Kristani submitted a written dispute to BANA, addressed to BANA's small business commercial claims-resolution unit, again explaining that the Disputed Charge was fraudulent, enclosing screenshots of his PayPal activity showing that PayPal did not charge him, and requesting that BANA genuinely investigate and include him in any further communication with PayPal. BANA nonetheless maintained the Disputed Charge and continued to demand payment.

33. A reasonable investigation—including comparing BANA's records to the PayPal account records Mr. Kristani provided, or simply identifying the source and basis of the "documentation" BANA claimed to have received—would have confirmed that the Disputed Charge was unauthorized.

### *Harm to Mr. Kristani*

34. As a direct and proximate result of BANA's conduct, Mr. Kristani has been rebilled and held liable for the full $398.00 Disputed Charge, in excess of the $50 statutory cap, and is exposed to associated finance charges, interest, late fees, and adverse account consequences if the balance remains unpaid.

35. Mr. Kristani has also suffered additional actual damages, including out-of-pocket costs and expenses incurred in disputing the Disputed Charge and attempting to correct BANA's error, lost time, and related harm.

## COUNT I
### Violation of the Truth in Lending Act — Unauthorized Use of a Credit Card
### 15 U.S.C. §§ 1643 & 1640; 12 C.F.R. § 1026.12(b)
### (Against Bank of America, N.A.)

36. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

37. The Disputed Charge was an unauthorized use of the Account within the meaning of 15 U.S.C. § 1643 and 12 C.F.R. § 1026.12(b).

38. By rebilling the Disputed Charge and demanding payment after having reason to know it was, or may have been, unauthorized, BANA imposed "liability" on Mr. Kristani for the unauthorized use of a credit card within the meaning of § 1643.

39. BANA failed to comply with the requirements imposed under § 1643 and 12 C.F.R. § 1026.12(b), in that, among other things, it (a) imposed liability on Mr. Kristani exceeding $50 for the unauthorized use, in violation of 15 U.S.C. § 1643(a)(1)(B); (b) imposed liability without conducting a reasonable investigation of his claim of unauthorized use; and (c) imposed liability for a use after it had been notified that the use was or may have been unauthorized, in violation of 15 U.S.C. § 1643(a)(1)(E).

40. Because BANA did not satisfy § 1643's conditions, Mr. Kristani "incurs no liability from the unauthorized use," 15 U.S.C. § 1643(d)—he is liable for zero, and certainly nothing beyond the $50 statutory maximum—and BANA's re-imposition of liability for the full $398.00 was unlawful.

41. BANA is a creditor that "fail[ed] to comply with [a] requirement imposed under [§ 1643]," and is therefore liable to Mr. Kristani under 15 U.S.C. § 1640(a) for his actual damages, statutory damages, and the costs of this action together with a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant Bank of America, N.A., and award:

    a.   actual damages pursuant to 15 U.S.C. § 1640(a)(1);

    b.   statutory damages pursuant to 15 U.S.C. § 1640(a)(2);

    c.   a declaration and/or order that Mr. Kristani's liability for the Disputed Charge is zero and that BANA's re-imposition of liability for $398.00 was unlawful;

    d.   alternatively, a declaration and/or order that Mr. Kristani's liability for the Disputed Charge is not more than $50 and that BANA's re-imposition of liability for $398.00 was unlawful;

    e.   the costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1640(a)(3);

    f.   pre- and post-judgment interest as allowed by law; and

    g.   such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned counsel for Plaintiff hereby certifies that, to the best of his knowledge and belief, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: July 2, 2026

Respectfully submitted,

*/s/ Noah Kane*
Noah Kane [NJ No. 428282023]
KANE LAW FIRM LLC
550 Kinderkamack Rd, Ste 124
Oradell, NJ 07649
T: (267) 832-2657
E: noah@njconsumer.com
Attorney for Plaintiff Filip Kristani